IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV765

| | | |
|---|---|---|
| EDWARD D. GARRETT and JO ANN GARRETT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| MD REHAB, LLC, REHAB SOLUTIONS, LLC, and THERASTAT DATA, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court upon Defendants' Motion to Dismiss or, in the

Alternative, to Transfer Venue.  The matter has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

This case arises out of a contract between Plaintiffs and Defendant MD Rehab, LLC

("MD Rehab") regarding the purchase of stock in two entities owned by Plaintiffs, Rehab

Solutions, LLC and Therastat Data, LLC.  Plaintiffs allege that MD Rehab breached its

contractual obligations to Plaintiffs by failing to collect on certain customer receivables, and also

seeks a declaratory judgment as to whether Plaintiffs were required to disclose a workers'

compensation claim related to an employee injured before the sale.  The contract at issue was

entered into in North Carolina and contains a choice of law provision stating that North Carolina

law governs the Agreement.  The contract also contains a forum selection clause that provides as

follows:

> . . . any Proceeding that seeks to enforce any provision of, or based on any matter
> arising out of or in connection with, this Agreement or Transaction, shall be
> brought in a court of competent jurisdiction in Wilmington Delaware, or the

1

United States District Court for the District of Delaware and each of the Parties hereby consents to the jurisdiction of such courts (and of the appropriate Appellate courts therefrom) in any such Proceeding and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of venue of any such Proceeding in any such court or that any such Proceeding that is brought in any such court has been brought in an inconvenient forum.

This case was originally filed in North Carolina state court and timely removed to this Court by Defendants based upon diversity jurisdiction.  Defendants claim that this matter should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue, or in the alternative, transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

**DISCUSSION**

Defendants do not argue that venue is wrong or improper under 28 U.S.C. § 1391, but only that the forum selection clause mandates that suit be filed elsewhere.  The forum selection clause provides that suit shall be brought in a court "of competent jurisdiction" in Wilmington Delaware, or the United States District Court for the District of Delaware. Under these circumstances, the proper procedure for enforcement of the forum selection clause is a motion to transfer under 28 U.S.C. § 1404(a).  *See Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. Of Texas*, 134 S. Ct. 568, 580 (2013).

The first question that the Court must address is whether the forum selection clause is permissive or mandatory.  Citing *Cable Tel Servs., Inc. v. Overland Contracting, Inc*., 574 S.E.2d 31 (N.C. Ct. App. 2002), Plaintiffs argue that  North Carolina courts have made it clear that venue selection clauses will not be interpreted as mandatory without "some further language that indicates the parties' intent to make jurisdiction exclusive." *Id.* at 34-35.  The mere use of the word "shall" does not make a

forum selection clause exclusive.  *Akima Corp. v. Satellite Servs., Inc.*, No. COA06-112, 2006 WL 3719782, at * 4 (N.C. Ct. App., Dec. 19, 2006); *see also Southeast Caissons, LLC v. Choate Construction Co.*, 784 S.E. 2d 650, 654 (N.C. Ct. App. 2016) (forum selection clause providing that litigation "shall be in the City of Contractor's office" was not mandatory).

In each of the cases cited by Plaintiffs, the courts found that the forum selection clauses were permissive because they either included mere consent and/or waiver language such as "shall be subject to" or the clauses failed to name the specific venue chosen by the parties.  In contrast, the forum selection clause herein does contain language that indicates the parties' intent to make jurisdiction exclusive.  It addresses both the specific courts (venue) that the Parties agreed upon and includes a waiver of consent to jurisdiction. None of the cases cited by Plaintiffs include the same or similar "shall be brought" language coupled with the identification of the specific court(s) in which both parties are required to bring an action. When read together, the Parties' "shall be brought" language, the naming of the specific courts in which any litigation "shall be brought" by either party, the specific use of the word "venue," and the additional waiver of consent statement all illustrate that the Parties specifically intended to make the courts of Wilmington Delaware or the United States District Court for the District of Delaware the exclusive venue of any dispute. *See Scotland Memorial Hosp., Inc. v. Integrated Informatics, Inc.*, 2003 WL 151852, at *4 (M.D.N.C., Jan. 8, 2003) (noting that "[a]lthough language such as 'exclusive' or 'sole' is not used, the specific reference to the venue indicates mandatory language. . . . [t]he language of the contract deals with an exact *venue* and indicates specific intent.") (emphasis added). To interpret the forum

selection clause otherwise would render the mutually negotiated and agreed upon provisions in the Agreement meaningless. Accordingly, the Court finds that the forum selection clause herein is mandatory.

The next question that the Court must address is whether the forum selection clause is valid and enforceable. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972)). "[A] valid forum- selection clause is given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring). The Fourth Circuit has set forth a four-part test to determine if a forum selection clause should be enforced:

> Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996).

The only argument that Plaintiffs make with regard to enforceability concerns factor number four. They contend that the forum selection clause is against the public policy of North Carolina. N.C. Gen. Stat. § 22B-3 provides:

> Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable.

4

Contrary to Plaintiffs' argument, this statute does not preclude the enforcement of a forum selection clause pursuant to a motion to transfer venue under 28 U.S.C. § 1404(a). *See Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 241-42 (W.D.N.C. 2008) ("[Each of the District Courts in North Carolina] have consistently found that [. . .] the North Carolina statute is not dispositive as to the enforceability of a forum selection clause. [. . .] [T]he statute would be only one factor among several under [. . .] traditional § 1404(a) analysis."); *James C. Green Co. v. Great American E & S Ins. Co.*, 321 F.Supp.2d 717, 721 (E.D.N.C. 2004) ("[T]he fact that a forum selection clause violated the public policy of the forum is just a factor in a multi-factor analyses, but not a dispositive one.") (citing *Stewart*, 487 U.S. at 32). The Court therefore finds that the forum selection clause is valid and enforceable.

As noted above, "a valid forum selection clause is given controlling weight in all but the most exceptional case." *Stewart,* 487 U.S. at 33. There are generally eleven factors to be considered in transferring a case pursuant to 28 U.S.C. § 1404(a): (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of witnesses; (5) the possibility of a view; (6) the enforcement of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems  with conflict of laws. *Scholl*, 249 F.R.D. at 239.

However, in *Atlantic Marine*, the United States Supreme Court held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" of the aforementioned factors in three ways. 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight," because "the plaintiff has effectively exercised its 'venue privilege' before the dispute arises" through the forum selection clause agreement. *Id*. at 581–82. Second, "arguments about the parties' private interests" must not be considered, since, by agreeing to the forum selection clause, the parties effectively "waive the right to challenge" any private inconvenience that the "preselected forum" may create. *Id*. at 582. Accordingly, the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum," and only "arguments about public-interest factors" may be considered when deciding whether to transfer under Section 1404(a) to the contractually-specified venue. *Id*.  But "those factors will rarely defeat a transfer motion," with "the practical result [being] that forum-selection clauses should control except in unusual cases." *Id*.

"As the party acting in violation of the forum-selection clause, [Plaintiffs] must bear the burden of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Id*. at 583. (emphasis added) Public-interest factors may include: (1) comparative administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. at 582, n. 6.

There is nothing so exceptional or unusual about this case that would overrule the contractually-specified venue provision in the Agreement.  While North Carolina law applies to the Agreement and this State has an interest in the underlying dispute as a result, Plaintiffs have failed to articulate why a federal district court sitting in diversity would have any difficulty

applying North Carolina contract law.  In addition, Delaware has a similar interest in hearing the underlying dispute since MD Rehab is a Delaware LLC and the members of all of the Defendants are Delaware entities.  While Plaintiffs have cited court congestion statistics for both the District of Delaware and the Western District of North Carolina, the alleged court congestion is only slightly favorable to the current venue (median time to trial of 19.2 months in the W.D.N.C. versus 24.2 months in the D. Del.).  Plaintiffs admit that several public interest factors do not favor one forum over the other, including the possibility of a view, enforceability of a judgment, and relative advantages and obstacles to a fair trial.  The only factor of any real significance is North Carolina's public policy interest against enforcing forum-selection clauses that remove disputes from North Carolina.  However, the Court finds that Plaintiffs have failed to meet their burden of demonstrating that this case is so exceptional or unusual such that the public-interest factors overwhelmingly disfavor a transfer.  Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer Venue is hereby GRANTED and this case is hereby transferred to the United States District Court for the District of Delaware.

Signed: December 29, 2016

Graham C. Mullen
United States District Judge